IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH J. JOSEPH,

    Plaintiff,

v.

JPMORGAN CHASE BANK,
National Association,

    Defendant.

Case No.: 12-cv-12777

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This action, brought against Defendant JPMorgan Chase Bank, arises out of a residential mortgage foreclosure.  Plaintiff Joseph Joseph seeks damages as well as various forms of declaratory relief to remedy an allegedly unlawful foreclosure by advertisement.  It is undisputed that Plaintiff defaulted under the terms of the loan agreement, that the foreclosure by advertisement is complete, and that the redemption period expired without Plaintiff availing himself of the right to redeem or without having converted the foreclosure by advertisement into a foreclosure conducted with judicial oversight.  Presently before the Court is Defendant's Motion for Judgment on the Pleadings, or, in the alternative, Defendant's Motion for Summary Judgment.  Despite sending notice of the Court's motion practice guidelines and deadlines, Plaintiff never responded to Defendant's Motion.  Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant

to Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants Defendant's Motion and dismisses Plaintiffs' Complaint with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

On July 7, 2004, Plaintiff accepted a $284,000 loan from Washington Mutual Bank and, in exchange, executed a promissory note secured by a mortgage on property located at 10422 Pavillion Court, Shelby Township, Michigan 48315 (the "Property").[2] (Compl. ¶ 2; Mortgage, Def.'s Br. Ex. A; Note, Def.'s Br. Ex. B.) Defendant Chase acquired this loan as part of its purchase of loans and other assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d). (Def.'s Br. 1 n.1.)

In August 2009, Washington Mutual notified Plaintiff that he was in default and laid out how Plaintiff could cure this default. (Notice of Collection Activity, Def.'s Br. Ex. C.) Sometime after receipt of this notice, Plaintiff began the process of seeking a mortgage loan modification. In March 2011, Plaintiff was informed that he was ineligible for such a modification. (Statement of Ineligibility, Def.'s Br. Ex. D.)

---

[1] Plaintiff sets forth scant factual detail in his Complaint, although he does provide that (1) he owns the subject property in fee simple absolute by way of an executed warranty deed; (2) he purchased the property and resides therein; (3) he attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property; (3) that a sheriff's sale took place in 2011; (4) that defendant claims an interest by way of a sheriff's sale and sheriff's deed; (5) that since the sheriff's sale, Plaintiff and his representatives have attempted in good faith to continue with "the Settlement process to no avail[]"; and (6) the redemption period has expired. (Compl. ¶¶ 3-9.)

[2] The Property is sometimes referred to as being in Utica as opposed to Shelby Township.

Defendant purchased the Property at a sheriff's sale conducted on December 1, 2011. (Sheriff's Deed, Def.'s Br. Ex. E.) Pursuant to Michigan law, the statutory redemption period expired on June 1, 2012. Mich. Comp. Laws § 600.3240(8). Plaintiff did not redeem the Property nor allege an intention to do so. On May 31, 2012, Plaintiff filed the instant action in Macomb County Circuit Court.[3] (Compl.) Defendant removed the instant matter to this Court on June 25, 2012, on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446.

Plaintiffs' Complaint alleges four counts: (1) Count I – Quiet Title; (2) Count II – Unjust Enrichment; (3) Count III – Breach of Implied Agreement/Specific Performance; and (4) Count IV – Breach of Michigan Compiled Laws § 600.3205(c).

## II.     STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)[4] is reviewed under the standards applicable to motions brought under Rule 12(b)(6). *Jeung v. McKrow*, 264 F. Supp. 2d 557, 564 (E.D. Mich. 2003). As with Rule 12(b)(6) motions, a Rule 12(c) motion allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on

---

[3] Case No. 2012-002482-CH.
[4] The Court has construed Defendant's Motion as one seeking judgment on the pleadings.

their face.  This standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims.  *Id.* 550 U.S. at 557, 127 S. Ct. at 1965.  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [.]").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.  This presumption, however, does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court

4

to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). The Court may also "consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, L.L.P.*, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted).

### III.   ANALYSIS

Defendant seeks dismissal of all four causes of action arguing that (1) Plaintiff has failed to plead fraud or an irregularity sufficient to justify the equitable extension of the redemption period, and (2) that each count fails to state a claim upon which relief may be granted. The Court agrees and addresses these arguments in turn.

**A.   Expiration of the Redemption Period**

In Michigan, statutory law governs foreclosure sales by advertisement. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process. *Id.* (citing Mich. Comp. Laws § 600.3201, *et seq.*). Mortgagors may redeem the foreclosed property within six months of a sheriff's sale. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and []

vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id.* § 600.3236.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption." 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff makes "a clear showing of fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

6

Because the redemption period has expired in this case, Plaintiff must make a plausible showing of fraud or irregularity to state a claim for the relief sought, which includes an order from the Court "[g]ranting Plaintiff all legal title to the subject property[.]" (Compl.)  The word fraud appears once in Plaintiff's Complaint, (*id.* ¶ 23), and nowhere in the Complaint are allegations concerning fraud that come close to satisfying the heightened pleading burden embodied in Federal Rule of Civil Procedure 9(b).  Moreover, the only suggestion of any irregularity is that Plaintiff was attempting to negotiate a loan modification before and after the sheriff's sale. (*Id.* ¶¶ 6-8.)  Plaintiff alleges that "the action of the Defendants [*sic*] was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated settlement to keep possession of his home." (*Id.* ¶ 12.)  Such conclusory allegations do not suffice to survive a Rule 12(c) motion as they do not show Plaintiff's entitlement to relief.

**B.      Plaintiff's Claims**

*1.      Count I – Quiet Title*

Plaintiff seeks to set aside the sheriff's sale and have the Court declare that he has legal title to the property.  Quiet title actions in Michigan are statutory in nature.  The law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]"  Mich. Comp. Laws § 600.2932(1).  To properly allege a quiet title claim, Plaintiff must meet the requirements set forth in Michigan Court Rule § 3.411.  This rule provides that a plaintiff must allege: (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the

7

facts establishing the superiority of the plaintiff's claim.  M.C.R. § 3.411(B)(2).  These requirements place the burden of proving a *prima facie* case of title on the plaintiff.  *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984) (citation omitted).  "Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed."  *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

      Here, Plaintiff has not alleged facts establishing a prima facie case of title.  Plaintiff merely asserts, without further documentation or supporting facts, that he acquired title to the property by way of an executed warranty deed and that Defendant claims a fee simple interest pursuant to the sheriff's deed.  (Compl. ¶¶ 3-4.)  These allegations do not describe a chain of title nor do the allegations demonstrate a superior chain of ownership in Plaintiff's favor.  As in *Rydzewski v. Bank of New York Mellon*, "Plaintiff does not contest that he failed to pay and defaulted on the loan.  He provides no allegations to indicate that he has a plausible claim of ownership superior to the Bank's."  No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *10 (E.D. Mich. Sept. 12, 2012) (Cohn, J.).  In fact, Plaintiff's factual assertions indicate that Defendant has a superior title to the Property based on the sheriff's sale and expiration of the redemption period.  Because Plaintiff has failed to state a claim, the Court dismisses Count I.

### 2.     *Count II – Unjust Enrichment*

      A claim for unjust enrichment requires a plaintiff to show a "(1) receipt of a benefit by Defendant from Plaintiff, and (2) an inequity resulting to Plaintiff because of Defendant's retention of the benefit."  *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App.

463, 478, 666 N.W.2d 271, 280 (2003) (citation omitted). If both elements are established, Michigan courts will then imply a contract to prevent unjust enrichment. *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). However, a contract will not be implied where an express contract governing the same subject matter exists. *Id.*

Here, Plaintiff alleges that Defendant precluded Plaintiff from receiving a loan modification prior to foreclosure and that Defendant has been "unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her [*sic*] home." (Compl. ¶¶ 16-18.) Despite pleading a benefit upon Defendant and a corresponding inequity resulting from the conferral of this benefit, Plaintiff's unjust enrichment claim fails as a matter of law. The relationship between the parties is governed by the mortgage and note. *Rydzewski*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *12-13 (rejecting claim for unjust enrichment when the rights and obligations of the parties were governed by a mortgage and note); *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 U.S. Dist. LEXIS 42858, at *20-21 (E.D. Mich. Mar. 28, 2012) (Lawson, J.) (explaining that no cause of action for unjust enrichment would be recognized where the relationship between the parties was governed by a mortgage and note). Plaintiff defaulted on his loan obligations and Defendant acted in accordance with its rights under the terms of the note.

As pled, the facts do not state a plausible claim for unjust enrichment and the Court therefore dismisses Count II.

3.    *Count III – Breach of Implied Agreement/Specific Performance*

It appears as though Plaintiff's claim for breach of an implied agreement is based on alleged statements regarding a loan modification. Plaintiff alleges that he "was to modify the Loan or negotiate in good faith a settlement with Defendants" and that since the sheriff's sale, "Plaintiff has attempted in good faith to continue with the Loan Modification process." (Compl. ¶¶ 20-21.) The court in *Rydzewski* dealt with identical allegations and found that these allegations amounted to an expression of intent, not the establishment of an implied contract. No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *13.

In *Rydzewski*, the court went on to explain that the claim was barred by Michigan's statute of frauds. *Id.* Under Michigan law, any alleged promise by a financial institution to renew, extend, modify, or permit a delay in repayment or performance of loan must be reduced to a writing and signed by the financial institution to be enforceable. Mich. Comp. Laws § 566.132(2)(b). This statute precludes relief as Plaintiff has not alleged the existence of any writing that would satisfy the statute of frauds.

For these reasons, Plaintiff fails to state a claim in Count III of his Complaint.

4.    *Count IV – Breach of Michigan Compiled Laws § 600.3205c*

Plaintiff's last count is that Defendant violated Michigan Compiled Laws § 600.3205c, which establishes rules for the parties to a mortgage to engage in loan modification discussions. Plaintiff alleges that Defendant failed to comply with this statute because Defendant "failed to modify Plaintiff's mortgage." (Compl. ¶ 27.)

Disregarding the fact that Plaintiff never alleged that he contacted a housing counselor pursuant to § 600.3205b, an event which would trigger the statutory provision at issue, *see* Michigan Compiled Laws § 600.3205c(1), Plaintiff fails to state a claim.

Notably, the loan modification statute "does not require Chase to modify any specific loan, and it does not provide any basis for unwinding the foreclosure." *Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale."). Rather, the sole remedy in the statute for commencing a foreclosure in violation of the loan modification procedures is for the mortgagor to convert a foreclosure by advertisement into a judicial foreclosure before it is completed. Mich. Comp. Laws § 600.3205c(8). In the instant action, however, the foreclosure is complete. Even assuming Plaintiff was entitled to a loan modification, he cannot obtain the relief he seeks because the Court is without authority to set aside the foreclosure sale after the expiration of the redemption period.

Count IV of Plaintiff's Complaint is therefore dismissed for failure to state a claim upon which relief may be granted.

## IV.     CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim for relief for any of the four counts included therein.

Accordingly,

**IT IS ORDERED THAT**, Defendant's Motion for Judgment on the Pleadings is **GRANTED** and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

Date: January 22, 2013         s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
**Emmett D. Greenwood**
**Roy Jay Montney, Jr.**
**Gerald A. Pawlak**